# EXHIBIT B

{01337678}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
MANNAN HASSAN,

                                     Plaintiff,

                            -against-

Index No.: 21100/19E

**VERIFIED BILL OF PARTICULARS**

BLESSED CARRIERS, INC. & LIM PICA,

                                   Defendants.
-----------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that plaintiff, **MANNAN HASSAN**, by his attorney, Timothy M. Sullivan, as and for his Verified Bill of Particulars in response to the demands of defendants, **BLESSED CARRIERS, INC.**, sets forth as follows:

1. Plaintiff resides at 138-29 102nd Avenue, Apt. F11, Jamaica, New York 11435.

2. The incident complained of herein occurred on July 14, 2017 at approximately 1:00 p.m.

3. The incident complained of herein occurred on the Cross Bronx Expressway at or near its intersection with Havameyer Avenue, in the County of Bronx, State of New York.

4. That on the 14th day of July 2017, Plaintiff's vehicle was struck by Defendant's vehicle.

5. The defendants were reckless, careless, and negligent in failing to keep their motor vehicle under proper ownership, management, maintenance, repair, service, inspection, operation and control; in failing to observe conditions on the roadway and to have a due, timely, adequate and proper lookout; in failing to give any notice, warning or signal of approach; in failing to see that in the roadway which should have been seen; in operating said vehicle at an

excessive rate of speed inconsistent with the exercise of reasonable and due care under the conditions and circumstances existing immediately prior to and at the time of the occurrence; in failing to make adequate, proper and timely use of the brakes; in failing to keep said motor vehicle at a reasonable and sufficient distance away from plaintiff so as to bring it to a stop in sufficient time to avoid striking plaintiff; in failing to yield the right of way and obey and comply with the applicable rules of the road; in violating all applicable laws, statutes, rules, regulations, codes and ordinances, then and there existing at the time and place of the occurrence complained of; in failing to operate said motor vehicle with that degree of care and caution necessary under the circumstances; in failing to act in such a manner so as to avoid the accident complained of herein. The above stated occurrence and the results thereof, were in no way due to any negligence on the part of plaintiff, but were caused solely and wholly by the negligence of defendants.

6. Not applicable.

7. Not applicable.

8. Not applicable.

9-10. As a result of defendants' recklessness, carelessness, and negligence, plaintiff sustained serious and permanent personal injuries, including but not limited to the following:

- Supraspinatus and infraspinatus tendinosis of the left shoulder;
- Acromion has a lateral downslope of the left shoulder;
- Left shoulder sprains/strains;
- C4/C5 disc herniation with anterior thecal sac impingement;
- C5/C6 disc herniation with anterior thecal sac impingement;

- C6/C7 disc bulge with anterior thecal sac impingement;

- Straightening of the cervical lordosis indicative of muscle spasm;

- Cervical spine sprains/strains;

- L4/5 disc bulge and left foraminal herniation;

- Straightening of the normal lordosis indicative of muscle spasm;

- Lumbar spine sprains/strains;

Said injuries have directly and indirectly adversely affected the nerves, tissues, blood vessels, blood supply, muscles, ligaments, cartilages, tendons, bones, and soft parts in and about the sites of the above described areas of injury, including the central nervous system, digestive system, muscular system, and skeletal system shock to the nervous system. Plaintiffs have required, continue to require and will require for an indefinite period of future duration, repeated continuous medical care and monitoring, utilization of medical support equipment, medication, confinement and various modalities of therapy.

The injuries, manifestations and sequella are permanent and chronic. Additionally, with advancing years there will be naturally and medically related complications and exacerbations, including but not limited to arthritis. There will be further psychological and somatic overlay with resultant disabilities.

Upon information and belief, there will also be physical and psychosomatic degeneration resulting from the continuation of the underlying conditions, the manifestations and sequella.

In order to negate the needless duplication, plaintiff incorporates by reference the hospital records and physicians' reports served in conjunction with the medical exchange rules insofar as to the contents thereof are admissible in evidence at the trial of this action.

Plaintiffs will introduce upon the trial herein, testimony and proof in conjunction with all of the injuries, conditions, manifestations, sequella, and residuals which will be permanent to the extent medically ascertainable at the time of trial and plaintiff reserves the right to adduce proof with respect thereto at the time of trial. The aforementioned injuries are permanent in nature and effect.

Upon information and belief, plaintiff's injuries are continuing in nature and plaintiff respectfully reserves the right to allege other and further injuries if and when same become known for medical records or reports indicating further injuries not included in the foregoing response.

11. Not applicable.

12. Not applicable.

13. Plaintiff was treated by the following medical providers, Physical Medicine and Rehabilitation of New York 95-20 Queens Boulevard, Rego Park, New York 11374, Emmanuel Hostin, M.D. 369 Lexington Avenue, 8th Floor, New York, New York 10017 and Lenox Hill Radiology 80-02 Kew Gardens Road, Suite L1, Kew Gardens, New York 11415.

14. Not applicable.

15. Not applicable.

16. Plaintiff was partially disabled from the date of the accident to the present.

17. Plaintiff's special damages have been paid for through the applicable no-fault insurance carrier. Annexed hereto is a duly executed authorization for the release of plaintiff's entire no-fault file with special damages information.

18. Plaintiff's date of birth is January 26, 1990.

19. Defendants violated each and every applicable law, statute, rule, regulation, code

and ordinance, then and there in effect and existing at the place and time of the subject occurrence, including, but not limited to, New York State Vehicle and Traffic Law Sections 1100, 1101, 1102, 1104, 1110. 1111, 1111(a), 1111(d), 1112, 1113, 1116, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1131, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1151, 1151(a), 1160, 1161, 1162, 1164, 1165, 1166, 1170, 1172, 1173, 1174, 1175, 1180, 1180(a), 1181 and 1190; New York City Traffic Rules and Regulations Sections 30, 31, 41, 43, 50, 51, 60, 70, 71, 72, 73, 74, 76, 77, 80, 81, 82, 83, 84, 85, 86, 94, 103, 105, 110, 111, 140, 144 and 157; New York City Department of Transportation Sections 4-02, 4-03, 4-04, 4-05, 4-06, 4-07 and 4-08. In addition, plaintiff will ask the Court at the time of trial of this action to take judicial notice of each and every applicable law, statute, rule, regulation, code and ordinance violated by defendants herein. Those additional ordinances, regulations and statutes violated by defendants herein are left to be determined by the Trial Court and will be judicially noted at the time of trial. See Souveran Fabrics Corp. v. Virginia Fibre Corporation. 32 A.D.2d 753, 301 N.Y.S.2d 273 (1st Dept. 1969); Kirkeby-Natus Corporation v. Gevinson, 33 A.D.2d 883, 307 N.Y.S.2d 586 (4th Dept. 1969); Meyer v. Triboro Coach Corporation, 66 N.Y.S.2d 494 (Queens County, 1946).

20. Not applicable.

21. Not applicable.

22. Not applicable.

23. Not applicable.

24. Plaintiff's Social Security number is XXX-XX-2005.

25. Not applicable.

26. Not applicable.

27. Objection. Improper demand.

28. Not applicable.

Plaintiff hereby reserves his right to supplement this response herein, up to and including the time of trial in accordance with the applicable provisions of the CPLR.

Dated: New York, New York
       June 3, 2019

                              THE SULLIVAN LAW FIRM

By: _____
Timothy M. Sullivan, Esq.
Attorneys for Plaintiff
217 Broadway, Suite 500
New York, New York 10007
(212) 566-8860

TO: **MORGAN MELHUISH ABRUTYN**
Attorneys for Defendants
**BLESSED CARRIERS, INC.**
39 Broadway, 17th Floor
New York, New York 10006
(212) 809-1111

## **VERIFICATION**

| | |
|---|---|
| STATE OF NEW YORK } | |
| } | SS: |
| COUNTY OF NEW YORK } | |

TIMOTHY M. SULLIVAN, ESQ., being duly sworn, deposes and says:

I am attorney for plaintiff in the within action. I have read the foregoing bill of particulars and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by me and not by plaintiff is that the plaintiff resides in a county other than the one in which deponent's law firm maintains its offices.

The source of my information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

_____
Timothy M. Sullivan, Esq.